CHESTER CARPENTER, Appellant, *v.* JOHN AMBROSON, Appellee.

APPEAL FROM McHENRY COUNTY COURT.

It is not erroneous to refuse to permit a witness to answer a question which assumes that an arrangement had been made where none had been shown.

A conversation between a witness and the plaintiff to a suit, long before the occurrence of the matters in dispute, is not proper evidence.

Conflicting testimony is left to the jury, and it is the province of that body to weigh it, and unless some gross wrong is perpetrated by the jury, the verdict will not be disturbed.

THIS was an action of assumpsit, commenced before a justice of the peace, brought by appellee against appellant. Judgment was rendered, in favor of plaintiff, for fifty-two dollars and two cents, and costs of suit, and the suit taken to the County Court of McHenry county by appeal, and the cause coming on to be heard, the plaintiff called, as a witness, Ambrose Ambroson, who testified that he was a son of plaintiff; that the spring after Daniel Carpenter went to California, plaintiff sold defendant a yoke of steers for $28. Plaintiff said he would sell the steers

cheap if defendant would indorse the price upon the $48 note that Daniel Carpenter held against him, which note was left with defendant for collection. Defendant agreed to this and took the steers. Plaintiff broke prairie for defendant to the amount of $10.63. Defendant had hay of the plaintiff to the amount of $6.

After Daniel returned from California, the defendant wanted father to let him turn the price of the steers, the breaking and the hay, upon what the plaintiff owed Daniel for lumber, and apply the balance upon the interest upon the $48 note. To this plaintiff objected, and said it must be indorsed on the $48 note.

Plaintiff admitted that this note was held by defendant only as agent for collection for Daniel Carpenter.

The plaintiff then offered in evidence the note above referred to.

The defendant then called *Daniel Carpenter*, who testified as follows:

I am a brother of defendant. I started from McHenry county for California the last of December, 1851. Before I went I owned two notes against the plaintiff, one for $48, and another originally for $55. There were various indorsements on this note, and about $29 due upon it.

Ques. What arrangement was made between the plaintiff and yourself, at or before the time you started for California, about the payment of the note you had against him?

Objected to by plaintiff, and objection sustained by the court, and defendant excepted.

Witness further testified that, at the time he went to California, he informed the plaintiff that he could pay the notes to Chester Carpenter, the defendant.

Ques. State all you said to the plaintiff at that time, and what his replies were to such statements.

Objected to by plaintiff, and sustained by the court. Defendant excepted.

The jury found for the plaintiff, and assessed his damages at fifty-two dollars and two cents.

The defendant then entered a motion for a new trial, which was overruled by the court, and the defendant excepted.

The court then rendered judgment in favor of the plaintiff.

GLOVER & COOK, for Appellant.

L. S. CHURCH, for Appellee.

WALKER, J. The first assignment of error questions the correctness of the decision of the court below, in refusing to

permit the witness Daniel Carpenter to answer this question: "What arrangement was made between the plaintiff and yourself, at or before the time you started for California, about the note you held against him?" This question is objectionable in form, as it assumes that some arrangement had been made when none had been shown. It does not appear that any arrangement which might have been made by them had any relevancy to the issue the jury were then trying. If it was to show the agency of defendant for the collection of the note, plaintiff had already admitted that fact, and this witness so testified, and that he notified plaintiff before he left for California. We are of the opinion that there was no error in refusing to permit the witness to answer the question.

It was again urged that the court erred in not permitting the witness to testify to all that was said at the time that he notified plaintiff that defendant was witness' agent. We are at a loss to imagine in what manner a conversation between witness and plaintiff, long before the occurrence of the matters in dispute, could tend in any way to shed light on those transactions. There was no error in excluding the evidence.

It was urged that the verdict was not warranted by the evidence. The evidence was conflicting, and it was for the jury to determine which was entitled to the most weight. The evidence showed that appellant got of appellee a yoke of cattle, at twenty-eight dollars, hay amounting to six dollars, and appellee broke prairie for appellant, amounting to ten dollars and sixty-three cents, making, in all, forty-four dollars and sixty-three cents. The evidence showed that the oxen were got in the spring of 1852, and if the other articles were obtained about the same time, there would be over three years from the time when they were obtained before judgment was recovered. It was agreed by all parties that the price of these articles was to be applied on the notes which Daniel Carpenter held against appellee, and if the amount was not indorsed or allowed in that manner, the appellee would be entitled to recover interest from the time it should have been so applied. The jury have, by their verdict, found that such application was not made, and the interest on the amount would make fully as much or more than they find by their verdict. We think the verdict is sustained by the evidence.

We are unable to perceive any objections to the instructions given for the plaintiff below. They seem to contain the law as applicable to the evidence before the jury. Upon the whole record, we are unable to perceive any error for which this judgment should be reversed, and it is, therefore, affirmed.

*Judgment affirmed.*